UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT F. KENNEDY, JR.; | : | |
| WE THE PATRIOTS USA, INC.; | : | |
| KRISTEN MEGHAN KELLY; | : | |
| | : | |
|     Petitioners, | : | |
| | : | Case No.: 24-1316 |
| v. | : | |
| | : | |
| MERRICK GARLAND, in his official | : | |
| capacity only; UNITED STATES | : | |
| DEPARTMENT OF JUSTICE; | : | |
| | : | |
|     Respondents. | : | November 25, 2024 |

**UNOPPOSED *NUNC PRO TUNC* MOTION FOR EXTENTION OF TIME**

Pursuant to D.C. Cir. L.R. 27(c), Petitioners, by and through the undersigned, hereby move the Court *nunc pro tunc* to extend the time for them to file their initial submissions and their response to the Respondents' motion to hold the case in abeyance until December 2, 2024. The undersigned has conferred with counsel for the Respondents who have no objection to the granting of this motion.

A number of extraordinary circumstances have complicated the undersigned's handling of this appeal, and good cause exists for granting this *nunc pro tunc* motion.

In support thereof, the undersigned represents as an officer of the court as follows:

**STATEMENT**

1. On October 5, 2024, the Petitioners filed this petition challenging the provisions of the Protecting Americans From Foreign Adversary Controlled

Applications Act (PAFFACAA) that essentially bar the globally popular social media platform, TikTok, from operating in the United States.

2. The clerk issued an order on October 8, 2024 directing the Petitioners to file their initial papers by November 7, 2024.

3. The undersigned received approximately 20-25 emails on October 8, 2024, and the ECF email notifying him of the clerk's order ended up in his spam folder for some reason.

4. The undersigned did not see the Clerk's Order until he checked the docket on November 22, 2024.

5. On November 4, 2024, Respondents contacted the undersigned to get the Petitioners' position on a motion to hold the case in abeyance pending the Court's decision in *TikTok, Inc. v. Garland*, No. 24-1113 (D.C. Cir.).

6. The undersigned traveled extensively for in-court responsibilities on the week of November 4, 2024, handling approximately 20 court appearances in criminal matters.

7. He did not check the docket at that time, and he was also standby counsel for emergency election issues for the November 5, 2024 election.

8. Due to the press of business, the undersigned forgot to calendar the deadline to respond to Respondents' motion.

9. His response was also further complicated by the information that President-elect Donald Trump would nominate Petitioner Robert F. Kennedy, Jr. to be Secretary of the Department of Health and Human Services. The undersigned is

still working to confirm whether Mr. Kennedy will face an ethical issue by holding a U.S. Cabinet position and simultaneously litigating a case against the United States government.

## **ARGUMENT**

At the outset, the undersigned takes full and sole responsibility for the lateness of this motion and the delay in filing the necessary paperwork. He does not know why the ECF email containing the Clerk's initial order regarding preliminary paperwork went to his spam folder, and his calendaring has long been an Achilles' heel for him as a solo practitioner.

That said, the undersigned submits that there are truly extraordinary circumstances at play here that would justify permitting late filings. The undersigned has devoted substantial time to trying to ascertain whether Petitioner Kennedy may have an ethical conflict that will necessitate him making some difficult decisions regarding this litigation. He has yet to arrive at a clear answer, and that has hampered his ability to effectively prosecute this petition – particularly since his clients' interests do require some speed to protect.

This Court has long articulated a strong policy for resolving disputes on their merits, including in determining whether to impute a lawyer's error to his client. *Jackson v. Beech*, 636 F.2d 831, 832 (D.C. Cir. 1980) (setting aside a default for failure to file an answer where the default was not willful, there was no prejudice to the opposing party, and there were meritorious grounds for litigation).

The instant circumstances present a similar situation to *Jackson*. The undersigned's failures to file the preliminary paperwork and the objection to the Respondents' motion to hold this appeal in abeyance were not willful. Rather, the undersigned did not see the Court's order setting deadlines, lost track of the appeal due to the press of business, and has been attempting to navigate an extremely complicated and extraordinary set of ethical issues for his clients. As soon as the undersigned discovered his error, he has acted to fix it.

The Respondents' motion to hold the appeal in abeyance shows that delay will not prejudice them at all, and they have not objected to the granting of this motion at all. In fact, delay understandably appears to be in their interest.

Finally, there are meritorious grounds for litigation here. The PAFFACAA eliminates a wildly popular public forum – TikTok – protected by the First Amendment based on reasons of national security. Congress may have had a good-faith basis to enact the PAFFACAA, but there are compelling First Amendment arguments as to why PAFFACAA is unconstitutional.

As to the motions at issue, the parties are weeks away from the PAFFACAA banning TikTok. Once the undersigned resolves the ethical issues for his clients, he will be seeking expedited temporary injunctive relief from this Court, and the U.S. Supreme Court if necessary, to enable both courts to afford effective relief on the merits.

## CONCLUSION

For these reasons, the Petitioners respectfully ask the Court to grant their *nunc pro tunc* motion for extension of time until Friday, November 29, 2024.

> The Petitioners,
>
> By: <u>/s/ Cameron L. Atkinson /s/</u>
> Cameron L. Atkinson, Esq.
> D.C. Cir. Bar No.: 63739
> ATKINSON LAW, LLC
> 122 Litchfield Rd., Ste. 2
> P.O. Box 340
> Harwinton, CT 06791
> Telephone: 203.677.0782
> Email: catkinson@atkinsonlawfirm.com

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I hereby certify that this motion complies with Fed. R. App. P. 27(d)(1)€ because it was prepared with Century Schoolbook, a proportionally spaced font with serifs, and the motion complies with D.C. Cir. L.R. 27(c) because it contains 914 words, according to the word count feature of Microsoft Word.

/s/ Cameron L. Atkinson /s/

## CERTIFICATE OF SERVICE

I hereby certify that, on November 25, 2024, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system, I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

/s/ Cameron L. Atkinson /s/